**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALICE SMITH,

      Plaintiff,

                                 Case No. 18-13489

v.

                                 HON. DENISE PAGE HOOD

FAMILY DOLLAR STORES
OF MICHIGAN, INC.,

      Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR
## LEAVE TO FILE FIRST AMENDED COMPLAINT [#4]

**I.    INTRODUCTION**

On September 18, 2018, Plaintiff filed a three-count complaint in Wayne County Circuit Court against Defendant Family Dollar Stores of Michigan, Inc. ("Family Dollar"). Plaintiff's complaint stems from an accident that occurred when she slipped on black ice outside a Family Dollar store on Jefferson Avenue in Detroit, Michigan, on April 2, 2018. Plaintiff alleges: (a) premises liability (Count I); (b) general negligence (Count II); and (c) nuisance (Count III). Family Dollar removed the case to this Court on November 8, 2018.

On December 19, 2018, Plaintiff filed a Motion for Leave to File First Amended Complaint ("Motion to Amend"). [Dkt. No. 4] In the Motion to Amend,

Plaintiff seeks only to add Najor Properties, Inc. ("Najor") as a party-Defendant. The Motion to Amend is fully briefed. The Court previously advised the parties that the Motion to Amend would be decided on the briefs. [Dkt. No. 10] For the reasons that follow, the Court grants Plaintiff's Motion for Leave to File First Amended Complaint.

## II. BACKGROUND

Each of Plaintiff's Complaint and her proposed First Amended Complaint alleges that: "On or about April 2, 2018, Plaintiff slipped and fell on black [ice] while exiting the store." Plaintiff does not offer more specific allegations as to where she slipped and fell. Family Dollar maintains that it is a lessee of property owned by Najor pursuant to a lease agreement between Family Dollar and Najor (the "Lease Agreement"), and the Lease Agreement identifies the areas of the property for which each party to the Lease Agreement has responsibility for maintaining. Based on the lack of specificity in the Complaint as to the exact location on the property where Plaintiff allegedly slipped and fell, on October 31, 2018, Family Dollar filed a Notice of Non-Party Fault, asserting that Najor is fully or partially at fault for Plaintiff's accident.

## III. ANALYSIS

## A. Applicable Standard

In a case where a responsive pleading has been filed, "a party may amend its

pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires." F.R.Civ.P. 15(a)(2). Family

Dollar does not concur in Plaintiff's motion, so it is within the Court's discretion

whether to grant Plaintiff's motion for leave to file an amended complaint.  The

factors a court is to consider when determining whether to permit a plaintiff to file an

amended complaint are:

 (1)  the delay in filing the motion,
 (2)  the lack of notice to the other party,
 (3)  bad faith by the moving party,
 (4)  repeated failure to cure deficiencies by previous amendments,
 (5)  undue prejudice to the opposing party, and
 (6)  futility of the amendment.

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001); *Perkins v. Am.*

*Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001).[1]  A district court

may deny a plaintiff leave to amend his complaint when the proposed amendment

would be futile. *See, e.g., Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir.

2003) (citing *Foman v. Davis*, 371 U.S. 178 (1962)).  An amendment is deemed futile

---

[1]Plaintiff erroneously relies on the *Erie* doctrine to argue that the Michigan Court Rules and Michigan law provide that the Court <u>shall</u> grant leave to amend to add an identified nonparty. Citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); M.C.R. 2.112(k)(4); M.C.L. 600.2757(2).  The *Erie* doctrine, however, provides that, in diversity cases, a federal court must apply state substantive law but federal procedural law. *See, e.g., Hanna v. Plumer*, 380 U.S. 460, 465, 471 (1965).

when it would not withstand a Rule 12(b)(6) motion to dismiss. *Rose v. Hartford*

*Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000).

**B.    Analysis**

Family Dollar does not argue that the Motion to Amend should be denied

because Plaintiff: (1) delayed in filing the motion; (2) failed to provide notice of its

intent to add Najor; (3) engaged in bad faith; or (4) failed to cure deficiencies in prior

amendments.  Family Dollar does not suggest that it would suffer undue prejudice if

the Motion to Amend was granted.  Family Dollar argues only that the proposed

amendment (adding Najor as a party-defendant) would be futile and would not survive

a Rule 12(b)(6) motion to dismiss.  Family Dollar contends that, because Plaintiff has

failed to identify with specificity where her fall occurred, her claim must fail.  Family

Dollar asserts that it cannot ascertain under the present allegations whether Plaintiff

was on an area for which Family Dollar (and/or Najor) is responsible pursuant to the

Lease Agreement.

The Court concludes that Plaintiff's Complaint and proposed First Amended

Complaint [Dkt. No. 4, Ex. B] is adequately pleaded.  Plaintiff alleged that she slipped

and fell while exiting Family Dollar's store, which is "a short and plain statement of

the claim showing that [Plaintiff] is entitled to relief, in order to give [Family Dollar

(and Najor)] fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation and internal quotions omitted); *see also* F.R.Civ.P. 8(a)(2). If Family Dollar solely owned and operated the property upon which Plaintiff slipped and fell, Family Dollar would be on notice that it was the party that had responsibility for maintaining that property.

Family Dollar could have engaged in discovery to ascertain where on the property Plaintiff allegedly slipped and fell before filing the Notice of Non-party Fault. The fact that Family Dollar chose to file a Notice of Non-party Fault before undertaking discovery does not render Plaintiff's Complaint (or the proposed First Amended Complaint) futile. Instead, it means that now both Family Dollar <u>and</u> Najor can engage in discovery to ascertain exactly where Plaintiff fell and whether Family Dollar or Najor is responsible for that area (or if both parties are).

The Court grants Plaintiff's Motion to Amend.

## IV. CONCLUSION

Accordingly, for the reasons stated above, the Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint [#4].

IT IS ORDERED.

<u>s/Denise Page Hood</u>
DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

Dated: February 20, 2019